UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLOBAL BUILDING PRODUCTS LTD.; GLOBAL BUILDING PRODUCTS (12) LTD.; GLOBAL BUILDING PRODUCTS (17) LTD. and FSR TREATMENT, INC., all Canadian corporations,<br><br>Plaintiffs,<br><br>v.<br><br>CHEMCO, INC.; CHEMCO ACQUISITION CORPORATION; and VERDANT WOOD TECHNOLOGIES, INC., all Washington corporations,<br><br>Defendants. | Case No.<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO CONFIRM ARBITRATION AWARD |

## I. INTRODUCTION

A June 8, 2012 Final Award was issued in an international arbitration proceeding administered by the American Arbitration Association's International Centre for Dispute Resolution entitled: *Global Building Products, Ltd, et. al. v. Chemco, Inc., et. al*, Case No. 50 133 T 00265 11. *See* Declaration of Randolph C. Foster in Support of Plaintiffs' Petition for Order to Confirm Arbitral Award (hereinafter "Foster Decl."), Ex.16. Plaintiffs have filed a petition under Chapter II of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*, and the

PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO CONFIRM ARBITRATION AWARD - 1

Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 300 U.N. 38 (the "Convention"), for confirmation of the Final Award.

## II. BACKGROUND FACTS

Plaintiffs are Canadian corporations with their principal place of business in British Columbia. Defendants are Washington corporations with their principal place of business in Ferndale, Washington. *See* Foster Decl., ¶ 2. By written agreements dated December 1, 2007, the parties entered into a transaction that gave rise to certain disputes that were resolved in the arbitration that is the subject of the Final Award. The parties' transaction is referred to as the "2007 Transaction" in the Interim Award. *See* Foster Decl., Ex. 15 at p. 3.

In 2007 Transaction agreements, the parties agreed as follows:

> *9. DISPUTE RESOLUTION:*
>
> *Any dispute, claim or controversy arising out of or relating to the execution, interpretation and performance of this Agreement shall be submitted to binding arbitration. The arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The place of arbitration shall be Bellingham, Washington, or such other place as may be agreed upon by the Parties. The Parties shall attempt to agree upon one arbitrator, but if they are unable to agree, each Party shall appoint an arbitrator and the two arbitrators so appointed shall select a third arbitrator. [remainder of this section of the Exclusive License omitted]*

Foster Decl. ¶ 11, Exclusive License Agreement, Ex. 13.

> *10. DISPUTE RESOLUTION:*
>
> *Dispute Resolution. All disputes arising under this Agreement shall be resolved in the manner prescribed in the Exclusive License Agreement for resolving disputes.*

Foster Decl. ¶ 11, Toll Manufacturing Agreement, Ex. 14.

On April 25, 2011, Plaintiffs filed a Demand for Arbitration with the American Arbitration Association ("AAA"), invoking the parties' arbitration agreement. *See* Foster Decl., Ex. 1. Defendants filed an answer and counterclaim. *See* Foster Decl., Exs. 3 and 4. Plaintiffs filed a response to Defendants' counterclaims. *See* Foster Decl., Ex. 5.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO CONFIRM ARBITRATION AWARD - 2

The arbitration was administered by the AAA's International Centre for Dispute Resolution ("ICDR"). *See* Foster Decl., Ex. 2. The ICDR confirmed the parties' joint nomination of Thomas Brewer as arbitrator. *See* Foster Decl., Ex. 6. A number of procedural orders were issued by the Arbitrator concerning administration of the arbitration and hearing. *See e.g.,* Foster Decl., Exs. 7, 8, and 10.

Prior to the completion of the arbitration hearing, both parties filed their respective initial itemized statements of requested relief. *See* Foster Decl., Exs. 11 and 12.

An evidentiary hearing in the arbitration was held in Bellingham, Washington from January 23-27, 2012. Live testimony was provided at the hearing by numerous witnesses. Both parties also submitted lengthy pre- and post-hearing submissions. *See* Foster Decl., Ex. 15 at 5-6

On April 19, 2012, the Arbitrator issued a comprehensive 25-page Interim Award, addressing virtually all of the various substantive issues raised by the parties other than the issue of the award of attorney's fees, arbitration expenses, arbitrator's fees, and arbitration administrative fees. Questions regarding the allocation or award of attorneys fees and related arbitration expenses were expressly reserved for resolution in the Final Award. *See* Foster Decl., Ex. 8 ¶ 10, and Ex. 15 at pp. 24-25.

The June 8, 2012 Final Award awarded both economic and non-economic relief, and included specific equitable relief. *See* Foster Decl., Ex. 16.

The economic relief in the Final Award includes an award to Plaintiff FSR Treatment Inc. of $1.2 million (Canadian) as lost profits and $780,449.40 (U.S.) to all the Plaintiffs for arbitration related expenses, including attorneys fees. The Final Award provides that post-Award interest at the rate of 12% per annum is to accrue from the date of the Final Award on all amounts awarded. *See* Foster Decl., Ex. 16.

As of the date of this filing, Defendants have not paid the amount awarded for fees and costs. Foster Decl. ¶ 14.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO CONFIRM ARBITRATION AWARD - 3**

## III. ARGUMENT

### A. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards Governs the Court's Review of the ICC's Final Award.

The intended purpose of the Convention is to "encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15, 94 S. Ct. 2449 (1974). Congress ratified the Convention in 1970 and implemented it by passing Chapter II of the Federal Arbitration Act. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119-1120 (9th Cir. 2002); *see also* 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter.").[1]

An arbitral award "falls under" the Convention if: (1) the award arises out of a legal relationship; (2) the relationship is commercial in nature; and (3) the relationship is not entirely domestic in scope. *Minister of Defense of Islamic Republic v. Gould, Inc. (Gould I)*,, 887 F.2d 1357, 1362 (9th Cir. 1989); *see also* 9 U.S.C. § 202. All three requirements are satisfied here. The agreements that comprise the 2007 Transaction embody a "legal relationship." Further, the subjects of the parties' 2007 Transaction—the sale of Chemco's cedar roofing treatment business and the manufacture of fire retardant chemical for use in treating cedar roofing —are indisputably commercial in nature. The third requirement is also met because Plaintiffs are all Canadian entities. The Convention applies here because this arbitration arises from a

---

[1] Canada is also a party to the Convention. *See* W. LAWRENCE CRAIG ET AL., INTERNATIONAL CHAMBER OF COMMERCE ARBITRATION § I -19 (2d Ed. 1990). *See also* http://193.5.93.81/amc/en/arbitration/ny-convention/parties.html

PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO CONFIRM ARBITRATION AWARD - 4

commercial dispute in which one of the parties to a contract is from outside the United States. *See Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998) ("[A]n arbitral award made in the United States, under American law, falls within the purview of the [Convention]--and is thus governed by Chapter 2 of the FAA--when one of the parties to the arbitration is domiciled or has its principal place of business outside of the United States."); *see also Wartsila Fin. OY v. Duke Capital LLC*, 518 F.3d 287 (5th Cir. 2008) (affirming district court's confirmation of ICC arbitral award where arbitration was conducted in Houston, Texas).

**B.      Chapter II of the FAA Vests this Court With Subject Matter Jurisdiction to Confirm the Arbitral Award.**

This Court has jurisdiction to confirm the Final Award pursuant to 9 U. S. C. § 203, which provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States" and the "[d]istrict courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

**C.      This Court Has Personal Jurisdiction Over Defendants and, Therefore, May Certify the Final Award and Enter Judgment.**

This Court enjoys personal jurisdiction over the Defendants because they are Washington corporations and their principal place of business is in Ferndale, Washington. Yet another basis for this Court's personal jurisdiction over Defendants is that the agreed place of arbitration was in Bellingham, Washington. *See* FAA Ch. I, § 9, 9 U.S.C. § 9 ("[A]pplication [to confirm the arbitral award] may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and

PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO CONFIRM ARBITRATION AWARD - 5

thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.).

### D. Venue in this Court is Proper.

Under 9 U.S.C. § 204, venue to confirm an arbitral award falling under the Convention is proper in: (1) any court in which an action could be brought "save for the arbitration agreement"; or (2) a court in the same locale as the place designated in the agreement as the place of arbitration. Defendants' principal place of business is in Ferndale, Washington and the parties' arbitration agreement, and the Arbitrator's award, states that the place of arbitration is Bellingham, Washington. *See* Foster Decl. Ex. 15 at p. 25 (In the Interim Award, the Arbitrator stated: "I hereby certify that, for purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Interim Award was made in Bellingham, Washington USA.")

### E. The Final Award Should Be Confirmed and Judgment Entered.

The U.S. Supreme Court observed that the Convention embodies a strong "international policy favoring commercial arbitration," *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 639 (1985), and that the Convention's purpose "and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).[2]

---

[2] Strong federal policy supports the enforcement of both domestic and international arbitration agreements and arbitral awards. "Congress enacted the FAA [Federal Arbitration Act] '[t]o overcome judicial resistance to arbitration,' and to declare '"a national policy favoring
(continued . . .)

PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO
CONFIRM ARBITRATION AWARD - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

71691054.1 0044067-00001

Where parties include an arbitration clause in their agreement, there is a "strong federal policy in favor of enforcing [it]." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217, 105 S. Ct. 1238 (1985). "Confirming an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (internal quotation omitted). The Ninth Circuit has observed that a "district court has little discretion" and must typically confirm an award under the New York Convention. *Ministry of Defense of Iran v. Gould Inc. (Gould II)*, 969 F.2d 764, 770 (9th Cir. 1992).

## IV. CONCLUSION

Plaintiffs request that the Court confirm the June 8, 2012 Final Award in all respects. In addition, Plaintiffs request that a judgment be entered by the Court against the Defendants incorporating the Final Award in its entirety, including both the non-economic and economic relief awarded by the Arbitrator. A proposed form of judgment is attached to the Plaintiffs' Petition.

---

(. . . continued)
arbitration" of claims that parties contract to settle in that manner.'" *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1271 (2009) (second brackets in original) (*quoting Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *Preston v. Ferrer*, 552 U.S. 346, 353 (2008)). "[T]he emphatic federal policy in favor of arbitral dispute resolution . . . applies with special force in the field of international commerce." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985) (footnote omitted).

PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO CONFIRM ARBITRATION AWARD - 7

DATED: June 12, 2012.                    STOEL RIVES LLP


By: s/ Randolph C. Foster
By: s/Maren R. Norton
Randolph C. Foster, WSBA No. 15968
Maren R. Norton, WSBA No. 35435
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Fax: (206) 386-7500
Email: rcfoster@stoel.com
Email: mrnorton@stoel.com

Attorneys for Plaintiffs
Global Building Products Ltd., et al.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO CONFIRM ARBITRATION AWARD - 8**

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and am in the process of process serving same on all defendants.

DATED: June 12, 2012 at Seattle, Washington.

STOEL RIVES LLP

By: s/ Randolph C. Foster
By: s/ Maren R. Norton
Randolph C. Foster, WSBA No. 15968
Maren R. Norton, WSBA No. 35435
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Fax: (206) 386-7500
Email: rcfoster@stoel.com
Email: mrnorton@stoel.com

Attorneys for Plaintiffs
Global Building Products Ltd., et al.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PETITION FOR ORDER TO CONFIRM ARBITRATION AWARD - 9**